**FILED**

**MARCH 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 1386**

| | | |
|---|---|---|
| JOSE and ROSE MEJIA and OSMAN and AZRA ZAHIROVIC, | ) ) ) | |
| Plaintiffs, | ) ) | No. |
| vs. | ) ) | **JUDGE KENNELLY** |
| AMERIQUEST MORTGAGE COMPANY, and DEUTSCHE BANK NATIONAL TRUST COMPANY. | ) ) ) ) | **MAGISTRATE JUDGE COLE** |
| Defendants. | ) ) ) | JURY TRIAL DEMAND |

## COMPLAINT

### INTRODUCTION

1.      Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635.  The Mejias also charge defendants with violation of Illinois law.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law.  This Court has supplemental jurisdiction over plaintiffs' claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

## PARTIES

4.     Plaintiffs are home owners who refinanced their mortgages with Ameriquest Mortgage Company.

5.     Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages in connection with the refinancing transaction and took a security interest in plaintiffs' home.  Upon information and belief, defendant Deutsche Bank National Trust Company is the owner/assignee of plaintiffs' mortgages.

## COUNT ONE -- TRUTH IN LENDING ACT

6.     Plaintiffs incorporate paragraphs one through five above.

7.     Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. More specifically, the Mejias received two sets of closing papers, one for a fixed rate mortgage and the other for an adjustable rate mortgage.  The contradiction rendered the overall disclosures confusing and unclear.  In addition, Ameriquest failed to deliver to the Mejias a proper number of properly completed Notice of Right to Cancel forms.  Likewise, the Notice of Right to Cancel forms that were delivered to the Zahirovics at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v).

8.     Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years.  See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

9.     Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transactions.

## COUNT TWO -- VIOLATION OF STATE LAW

10.     Plaintiff incorporates paragraphs one through five above.

11.     In connection with trade or commerce, Ameriquest made false and misleading statements to the Mejia plaintiffs intending to induce reliance.  Ameriquest baited plaintiffs into a mortgage transaction by offering a relatively favorable set of terms and then switched to more expensive terms.  More specifically, on or about September 7, 2005, Ameriquest had the Mejias signed loan papers for a fixed rate mortgage with an interest rate of 10.050%.  On or about September 12. 2005, Ameriquest had plaintiffs sign additional papers, this time for an adjustable rate loan with a start rate of 10.050%, which could go as high as 16.050%.

12.     Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under the Illinois Consumer Fraud Act.

13.     Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

14.     Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendant Deutsche Bank National Trust Company, among many others, knowingly aided and abetted this illegal behavior by Ameriquest and is therefore also liable to plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a.     canceling defendants' security interest in plaintiffs' homes and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

b.     ordering defendants to pay costs, penalties, and attorneys fees;

c.     awarding the Mejia plaintiffs actual and punitive damages;

3

d.    granting such other relief as the Court deems just and proper.

Respectfully Submitted By:

/s/ Anthony P. Valach, Jr
Counsel for Plaintiffs

THE LAW OFFICES OF DANIEL HARRIS
Daniel Harris
Anthony Valach
150 N. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802
Facsimile: (312) 960-1936