# EXHIBIT A

Case 1:08-cv-01386   Document 13-2   Filed 04/02/2008   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) | MDL NO. 1715 <br><br> Lead Case No. 05 C 07097 <br><br> (Centralized before Judge Aspen) |
| JOSE and ROSE MEJIA and OSMAN and AZRA ZHIROVIC, <br><br> Plaintiffs, <br><br> v. <br><br> AMERIQUEST MORTGAGE COMPANY, and DEUTSCHE BANK NATIONAL TRUST COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 08 C 1386 <br><br> Judge Kennelly |

## DEFENDANTS' (AGREED) MOTION FOR REASSIGNMENT OF RELATED ACTION

Defendants, Ameriquest Mortgage Company and Deutsche Bank National Trust Company, ("Defendants"), move, with the agreement of Plaintiffs, and pursuant to Northern District of Illinois Local Rule 40.4(c), to reassign this lawsuit to the pending MDL proceeding, In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"). In support of their motion, Defendants state as follows:

### Introduction

1. There is pending in the U.S. District Court for the Northern District of Illinois the MDL proceeding In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"). The

Ameriquest MDL Litigation includes hundreds of lawsuits challenging loans originated by Ameriquest Mortgage Company.

2. Reassignment of this lawsuit is warranted for two reasons. First, this lawsuit is "related" under Local Rule 40.4(a) to many of the actions now pending in the Ameriquest MDL Litigation. Plaintiffs in this lawsuit assert violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, including the alleged failure to properly disclose the borrowers' right to cancel the loan. There presently are more than 150 individual lawsuits pending in the Ameriquest MDL Litigation that advance the same allegations, including Borrowers' Consolidated Class Action Complaint.

3. Second, all of the conditions for reassignment of this lawsuit under Local Rule 40.4(b) are satisfied: this lawsuit is pending before another judge in this District; the handling of this lawsuit by this Court will result in a substantial saving of judicial time and effort; this lawsuit has not progressed to the point where transferring it to the Ameriquest MDL Litigation would likely delay the proceedings substantially; and this lawsuit and the actions in the Ameriquest MDL Litigation are susceptible to disposition in a single proceeding because they have substantial areas of overlap.

4. Recently, this Court, in a different lawsuit, filed on behalf of different borrower-Plaintiffs, granted Defendants' motion for reassignment of related action (see Washington v. Ameriquest Mortgage Co., No. 05 C 1007 (N.D. Ill. January 25, 2008), attached as Exhibit A).

**Argument**

5. To have a lawsuit reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b). Donahue v. Elgin Riverboat Resort, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004). This Court has the sound discretion to reassign a lawsuit under Local Rule 40.4. Clark v. Ins. Car Rentals Inc., 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999). Local Rule 40.4(a) provides that cases are "related" if: (1) the lawsuits involve the same property; (2) the

lawsuits involve some of the same issues of fact or law, (3) the lawsuits grow out of the same transaction or occurrence; or (4) in class action lawsuits, one or more of the classes involved in the lawsuits is or are of the same. Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." Fairbanks Capital Corp. v. Jenkins, No. 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Rather, it is enough that the lawsuits "involve some of the same issues of fact or law." Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc., No. 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original).

6. Once the lawsuits have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a lawsuit may be reassigned: (1) both lawsuits must be pending in the Northern District of Illinois; (2) reassignment must result in a substantial saving of judicial time and effort; (3) the earlier lawsuit must not have progressed to the point where designating the lawsuits as related would be likely to delay the proceedings in the earlier lawsuit substantially; and (4) the lawsuits must be susceptible of disposition in a single proceeding. Reassignment of this lawsuit to the Ameriquest MDL Litigation and this Court satisfies the requirements of Local Rule 40.4(a) and (b); this Court should grant this motion for reassignment.

### Lawsuit Is "Related" Under Local Rule 40.4(a).

7. This lawsuit is "related" under Local Rule 40.4 to many actions now pending in the Ameriquest MDL Litigation. In this lawsuit, Plaintiffs allege that Defendants violated TILA by failing to provide Plaintiffs with proper notice of its TILA rescission rights (Mejia Complaint, ¶ 7). Presently, there are more than 150 actions pending in the Ameriquest MDL Litigation that involve allegations that Defendants violated TILA by failing to provide borrowers with proper notice of their TILA rescission rights. Accordingly, this lawsuit is "related" to these actions within the meaning of Local Rule 40.4(a).

### The Conditions For Reassignment Under Local Rule 40.4(b) Are Satisfied.

8.  All of the conditions for reassignment of this lawsuit under Local Rule 40.4(b) are satisfied. First, this lawsuit is pending before another judge in this District (Judge Kennelley). Second, the handling of this lawsuit by this Court unquestionably will result in a substantial savings of judicial time and effort. Indeed, the Seventh Circuit Court of Appeals has criticized judges of this District for permitting separate lawsuits involving similar claims and the same defendants to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals. See, e.g., Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511, 513 (7th Cir. 1999). Third, this lawsuit was filed recently, in March 2008. This lawsuit is at the beginning; it has not progressed to the point where designating this lawsuit is "related" would delay the proceedings. Finally, this lawsuit and the actions in the Ameriquest MDL Litigation are susceptible to disposition in a single proceeding because they assert common legal claims under TILA.

9.  Accordingly, this Court, as in Washington, should reassign this lawsuit to the Ameriquest MDL Litigation as a "related" action for pretrial proceedings along with the other pending lawsuits in the Ameriquest MDL Litigation.

WHEREFORE, Defendants, Ameriquest Mortgage Company and Deutsche Bank National Trust Company, respectfully request that this Court grant Defendants' motion for reassignment of related action and reassign this lawsuit, Mejia, as a "related" action to the Ameriquest MDL Litigation.

Dated: April 2, 2008

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY and
DEUTSCHE BANK NATIONAL TRUST
COMPANY, Defendants

By: s/ Jonathan N. Ledsky
    One of Their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the foregoing **Defendants' (Agreed) Motion for Reassignment of Related Action** was filed electronically via CM/ECF e-Filing. Notice of this filing will be sent via electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, including:

Anthony P. Valach, Jr.
Daniel Mark Harris
The Law Offices of Daniel Harris
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606

The following counsel is not registered with the CM/ECF e-Filing for receipt of electronic filings and consequently was mailed copies by U.S. mail:

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, Michigan 48334-3174

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, Connecticut 06901-2047

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, Connecticut 06901

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street
Suite 28
Westborough, MA 01581

Wayne B. Holstad
30 East Seventh Street
#1690
St. Paul, Minnesota 55101

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road
Suite 200
Carle Place, New York  11514

Robert W. Smyth, Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, Illinois 60603

John Robert King
Law Office of John King
3409 N. 10th Street
Suite 100
McAllen, Texas  78601

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, Texas  78501

John Cseh
12800 ShakerBoulevard
Suite U12
Cleveland, Ohio  44120

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

s/Jonathan N. Ledsky

# EXHIBIT A

# United States District Court
# Northern District of Illinois

In the Matter of

Washington, et al

v.

Ameriquest Mortgage, et al

Case No. 05 C 1007

Designated Magistrate Judge
Morton Denlow

### FINDING OF RELATEDNESS PURSUANT TO
### LOCAL RULE 40.4

In accordance with the provisions of Local Rule 40.4 of this Court, I find the above captioned case, presently pending on the calendar of Judge David H. Coar to be related to 05C7097(MDL-1715, which is pending on my calendar. Accordingly, I request that the Executive Committee order said case to be reassigned to my calendar as a related case.

_____
Judge Marvin Aspen

Dated: January 25, 2008

### ORDER OF THE EXECUTIVE COMMITTEE

IT IS HEREBY ORDERED that the above captioned case be reassigned to the calendar of Judge Marvin Aspen.

ENTER

FOR THE EXECUTIVE COMMITTEE

_____
Chief Judge James F. Holderman

Dated: JAN 2 5 2008

Finding of Relatedness (Rev. 9/99)