IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Jose and Rose Mejia and Osman and Azra Zahirovic v. Ameriquest Mortgage Company, et al.*; Case No. 08 C 1386 | |

### DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee ("Defendant"), by and through its attorneys, answers Plaintiffs OSMAN and AZRA ZAHIROVIC's ("Plaintiffs") Complaint as follows.

### COMPLAINT

### INTRODUCTION

1. Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635. The Mejias also charge defendants with violation of Illinois law.

**ANSWER:** **Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* or any state law, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind the mortgage. Defendant denies any remaining allegations of Paragraph 1.**

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

**ANSWER:** **Defendant does not dispute venue. Defendant denies any remaining allegations of Paragraph 3.**

## PARTIES

4.  Plaintiffs are home owners who refinanced their mortgages with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.  Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages in connection with the refinancing transaction and took a security interest in plaintiffs' home. Upon information and belief, defendant Deutsche Bank National Trust Company is the owner/assignee of plaintiffs' mortgages.

**ANSWER:** **Defendant denies it is the current owner of Plaintiffs' mortgage. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 5 and on that basis denies such allegations.**

## COUNT ONE - TRUTH IN LENDING ACT

6.  Plaintiffs incorporate paragraphs one through five above.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 5 to this Paragraph.**

- 2 -

BN 1846065v1

7. Ameriquest disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. More specifically, the Mejias received two sets of closing papers, one for a fixed rate mortgage and the other for an adjustable rate mortgage. The contradiction rendered the overall disclosures confusing and unclear. In addition, Ameriquest failed to deliver to the Mejias a proper number of properly completed Notice of Right to Cancel forms. Likewise, the Notice of Right to Cancel forms that were delivered to the Zahirovics at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** **Because Paragraph 8 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transactions.

**ANSWER:** **Because Paragraph 9 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

## COUNT TWO - VIOLATION OF STATE LAW

10. Plaintiff incorporates paragraphs one through five above.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 5 to this Paragraph.**

11. In connection with trade or commerce, Ameriquest made false and misleading statements to the Mejia plaintiffs intending to induce reliance. Ameriquest baited plaintiffs into a mortgage transaction by offering a relatively favorable set of terms and then switched to more expensive terms. More specifically, on or about September 7, 2005, Ameriquest had the Mejias signed loan papers for a fixed rate mortgage with an interest rate of 10.050%. On or about September 12. 2005, Ameriquest had plaintiffs sign additional papers, this time for an adjustable rate loan with a start rate of 10.050%, which could go as high as 16.050%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under the Illinois Consumer Fraud Act.

**ANSWER:** **Because Paragraph 12 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14. Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendant Deutsche Bank National Trust Company, among many others, knowingly aided and abetted this illegal behavior by Ameriquest and is therefore also liable to plaintiffs.

**ANSWER:** Defendant denies that it has violated any federal or state law. Defendant further denies that it is liable to Plaintiffs in any manner. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 14 and on that basis denies such remaining allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: April 2, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 2nd day of April 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/  Bernard E. LeSage_____

BN 1846065v1